# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

WILLIAM H. MENDENHALL,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:20-cv-00312 SLG

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 6 is Defendant United States' Motion to Dismiss. Plaintiff William H. Mendenhall responded in opposition at Docket 7. The United States replied at Docket 12. The Court heard oral argument on the motion on May 4, 2021.[1] For the following reasons, the United States' Motion to Dismiss will be granted.

## BACKGROUND

This is Plaintiff's second action arising from an alleged assault committed by a security guard, John Ireton, employed by the Alaska Native Tribal Health Consortium ("ANTHC"). In the earlier case ("*Mendenhall I*"), Plaintiff initiated the action in Alaska state superior court against Mr. Ireton in his personal capacity, alleging various tort and civil rights violations related to the alleged assault against

---

[1] *See* Docket 15.

him on or about July 27, 2018, at Alaska Native Medical Center ("ANMC").[2] Pursuant to the Federal Tort Claims Act ("FTCA"), the United States certified that Mr. Ireton was deemed a federal employee acting within the scope of his employment, and the United States was substituted as the proper defendant.[3] After the parties conducted jurisdictional discovery regarding Mr. Ireton's status as a deemed federal employee, this Court granted the United States' motion to dismiss in *Mendenhall I*, concluding that Mr. Ireton was a federal employee for FTCA purposes and that Plaintiff had failed to exhaust his administrative remedies.[4]

Plaintiff initiated this action in federal court on December 31, 2020, against the United States pursuant to the FTCA.[5] The action arises from the same underlying July 27, 2018 alleged assault.[6] Plaintiff brings three claims: (1) Mr. Ireton and another ANTHC security guard, Gary Anderson (together, "security

---

[2] Docket 1-1 (State Court Compl.) (Case No. 3:20-cv-00156-SLG).

[3] *See* Docket 1 (Notice of Removal) (Case No. 3:20-cv-00156-SLG); Docket 3 (U.S. Attorney Certification) (Case No. 3:20-cv-00156-SLG); *see also* 28 U.S.C. § 2679(d).

[4] *See* Docket 13 (Order Granting Motion to Stay) (Case No. 3:20-cv-00156-SLG); Docket 15 (Scheduling Order) (Case No. 3:20-cv-00156-SLG); Docket 19 (Order Granting Motion to Dismiss) (Case No. 3:20-cv-00156-SLG).

[5] Docket 1 (Compl.).

[6] The Court set forth the factual background surrounding the alleged assault in its September 1, 2020 order imposing a stay and in its March 17, 2021 order granting the motion to dismiss. *See* Dockets 13, 19 (Case No. 3:20-cv-00156-SLG).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 2 of 18

Case 3:20-cv-00312-SLG  Document 16  Filed 05/19/21  Page 2 of 18

guards"), acted negligently during their encounter with Plaintiff; (2) ANTHC managers or supervisors, including Mr. Anderson, negligently failed to train or monitor Mr. Ireton; and (3) the security guards violated Plaintiff's civil and constitutional rights during the encounter.[7]

## LEGAL STANDARD

The Federal Tort Claims Act provides for a limited waiver of sovereign immunity by granting federal district courts jurisdiction over "civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[8] The Act does not waive sovereign immunity for certain categories of claims, including those "arising out of assault, battery, [or] false imprisonment."[9] In addition, the FTCA requires a plaintiff to first exhaust administrative remedies before pursuing a claim in federal court.[10]

Pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Congress provided that Indian tribes, tribal organizations, Indian

---

[7] *See* Docket 1 (Compl.); Docket 7 at 3–4 (Opp.).

[8] 28 U.S.C. § 1346(b)(1).

[9] 28 U.S.C. § 2680(h).

[10] 28 U.S.C. § 2675(a).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 3 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 3 of 18

contractors, and their employees may be deemed employees of the United States for purposes of the FTCA when they are carrying out functions authorized in or under a self-determination contract.[11] The parties do not dispute that the ANTHC employees in question fall within the protective ambit of the FTCA.

The question of whether the United States has waived its sovereign immunity under the FTCA is one of subject matter jurisdiction and may be considered under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) or both.[12] Pursuant to Rule 12(b)(1), a defendant may attack a complaint for lack of subject matter jurisdiction either by a "facial" or a "factual" attack.[13] In a facial attack, the defendant accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."[14] In a factual attack, a defendant may present extrinsic evidence to demonstrate that the complaint lacks jurisdiction based on the facts of the case.[15]

---

[11] *See Colbert v. United States*, 785 F.3d 1384, 1389–90 (11th Cir. 2015) (citing Pub. L. No. 101–512, § 314, 104 Stat. 1915 (1990)).

[12] *See Brownback v. King*, 141 S. Ct. 740, 749 & n.8 (2021) (holding that when in a FTCA case "pleading a claim and pleading jurisdiction entirely overlap," the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6) or both); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (applying Rule 12(b)(1) to motion to dismiss FTCA claim).

[13] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[14] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[15] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Safe Air for Everyone*, 373 F.3d at 1039.

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 4 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 4 of 18

Here, the United States brings both a facial and a factual attack. The United States facially attacks certain claims, including, as relevant to this order, Plaintiff's civil rights and constitutional claims.[16] The United States also factually attacks Plaintiff's complaint, attaching Plaintiff's administrative claim form to its motion and multiple exhibits to its reply, including the transcript of Mr. Ireton's deposition, ANTHC's security officer job description, a security policies reference binder, and Mr. Ireton's training transcript report.[17] Plaintiff's response also attaches multiple exhibits, including a letter to the Department of Health and Human Services ("HHS"), an Anchorage Police Department report concerning the alleged assault incident, a letter from HHS concerning Plaintiff's administrative claim, and a portion of the transcript of Mr. Ireton's deposition.[18]

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."[19] In an FTCA case, "a plaintiff must plausibly allege that 'the United States, if a private

---

[16] *See* Docket 6 at 19–21 (Mot. to Dismiss).

[17] *See* Dockets 6-1 and 12-1, 12-2, 12-3, 12-4. Most of these exhibits were also filed by the parties in *Mendenhall I*.

[18] *See* Dockets 7-1, 7-2, 7-3, 7-4, 7-5.

[19] *Leite*, 749 F.3d at 1121 (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 5 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 5 of 18

person, would be liable to the claimant' under state law."[20]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[21]

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."[22]  The court need not presume the truthfulness of the plaintiff's allegations.[23]

## DISCUSSION

Pursuant to Rule 12(b)(1) and 12(b)(6), the United States moves to dismiss Plaintiff's claims on several grounds.[24]  The Court discusses the relevant claims and grounds in turn.

---

[20] *Brownback*, 141 S. Ct. at 749 (quoting 28 U.S.C. § 1346(b)(1)).

[21] *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).

[22] *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

[23] *White*, 227 F.3d at 1242.

[24] Docket 6 at 1 (Mot. to Dismiss).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 6 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 6 of 18

### I. Plaintiff's Negligence Claim

The United States asserts that the negligence claim concerning the actions of the security guards against Plaintiff are precluded by the intentional torts exception to the FTCA's waiver of sovereign immunity.[25] Plaintiff responds that his complaint pleads negligence, not assault or battery, and therefore falls outside the intentional torts exception.[26] In particular, Plaintiff characterizes this claim as "predicated not on the intent behind [the security guards'] actions, but rather on whether they breached a duty to Mr. Mendenhall to act reasonably in the exercise of their duties as security guards."[27] The United States replies that, "even though Plaintiff has chosen to plead his claim as one for negligence, the gravamen of his claim arises out of intentional tort and he [therefore] cannot evade the intentional torts exception."[28]

---

[25] Docket 6 at 8–10 (Mot. to Dismiss).

[26] Docket 7 at 10 (Opp.).

[27] Docket 7 at 11–12 (Opp.).

[28] Docket 12 at 3 (Reply) ("Plaintiff cannot artfully plead around the intentional torts exception to the United States' waiver of sovereign immunity.").

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 7 of 18

Pursuant to 28 U.S.C. § 2680(h), the United States preserves its sovereign immunity for "[a]ny claim arising out of assault, battery, [or] false imprisonment."[29] To determine whether a claim arises out of assault, battery, or false imprisonment, "[t]his circuit looks beyond the labels used to determine whether a proposed claim is barred" under § 2680(h).[30] "If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred."[31] To "hold otherwise would permit evasion of the substance of [§ 2680(h)'s] exclusion of liability."[32]

"Although Plaintiff couches [his] claim in terms of negligence," his damages stem from the alleged assault, battery, and imprisonment of Plaintiff by the ANTHC security guards.[33] Indeed, Plaintiff's own complaint describes the incident in the

---

[29] There is an exception to the "intentional torts exception" known as the "law enforcement proviso," which waives sovereign immunity for certain intentional tort claims committed by "investigative or law enforcement officers of the United States Government." An investigative or law enforcement officer "means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Plaintiff does not allege that Mr. Ireton or Mr. Anderson are investigative or law enforcement officers of the United States government.

[30] *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990) ("'[W]e look beyond [the party's] characterization to the conduct on which the claim is based.").

[31] *Snow-Erlin v. United States*, 470 F.3d 804, 806, 808 (9th Cir. 2006) (affirming dismissal of claim for negligent miscalculation of parole release date as claim that "amounted to a claim for false imprisonment").

[32] *Sheehan v. United States*, 896 F.2d 1168, 1171 (9th Cir.), amended, 917 F.2d 424 (9th Cir. 1990) ("Regardless of the plaintiff's characterization of the cause of action, § 2680(h) bars suit for claims based on conduct which constitutes one of the excepted torts . . . .").

[33] *Snow-Erlin*, 470 F.3d at 808.

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 8 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 8 of 18

language of assault, battery, and imprisonment: He alleges that he was "push[ed] . . . to the floor," "detain[ed]," and "[sat]" on, all "causing [him] injuries."[34] Plaintiff has used similar language elsewhere.[35] Simply put, without the intentional tortious actions of the security guards, Plaintiff would have no claim for relief. Accordingly, although Plaintiff "couched [his] complaint in terms of the breach of a duty," the gravamen of the complaint is a claim for assault, battery, and false imprisonment.[36] Plaintiff's negligence claims against the ANTHC security guards are therefore barred under § 2680(h).

## II. Plaintiff's Negligent Training and Supervision Claims

The United States asserts that Plaintiff's negligent training and supervision claims are barred because Plaintiff failed to exhaust his administrative remedies and, alternatively, the claims are barred by the discretionary function exception.[37]

### A. Administrative Exhaustion

The United States asserts that Plaintiff did not properly present to the agency his negligent training and supervision claims, as required by 28 U.S.C. §

---

[34] Docket 1 at 3 (Compl.).

[35] *See* Docket 6-1 (Admin. Claim Form) ("Claimant was assaulted by a security guard"); Docket 1-1 (State Court Compl.) (Case No. 3:20-cv-00156-SLG) ("Defendant assaulted and battered the plaintiff by throwing him to the floor, detaining him, intentionally inflicted pain, and causing injuries.").

[36] *Mt. Homes, Inc.*, 912 F.2d at 356 (holding that plaintiff's claim for "negligent misrepresentation" falls within the definition of "misrepresentation" under 28 U.S.C. § 2680(h)).

[37] Docket 6 at 11–16 (Mot. to Dismiss).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 9 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 9 of 18

2675(a), because the administrative claim form that Plaintiff submitted referenced only the alleged assault.[38] According to the United States, "[a] single sentence claim for an intentional tort committed by a security guard did not give the agency sufficient notice to commence an investigation into any issues of purported negligent training or supervision."[39] Plaintiff responds that his administrative claim satisfies the Ninth Circuit's minimal presentation requirements.[40]

A district court cannot exercise subject matter jurisdiction over an FTCA action unless the plaintiff has "first presented the claim to the appropriate Federal agency."[41] "A claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'"[42] The claim presentation requirement "is designed to ensure that compensation is provided in a fair and equitable manner, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their

---

[38] Docket 6 at 12–13 (Mot. to Dismiss).

[39] Docket 6 at 12 (Mot. to Dismiss).

[40] Docket 7 at 14–18 (Opp.).

[41] 28 U.S.C. § 2675(a).

[42] *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). The parties do not dispute that Plaintiff presented a "sum certain damages claim."

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 10 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 10 of 18

merits."[43] Accordingly, the Ninth Circuit has "consistently interpreted the notice required under section 2675(a) as minimal."[44] "[A] skeletal claim form, containing only the bare element[] of notice of accident and injury . . . suffices to overcome an argument that jurisdiction is lacking."[45]

*Broudy v. United States* is instructive here.[46] In that case, the Ninth Circuit considered the sufficiency of the plaintiff's administrative claim of alleged injury stemming from exposure to radiation.[47] The court held that the claim, which stated "the location and date of the accident, the nature and extent of the injury . . . and a description of how the accident occurred . . . gave the agency notice to commence investigation by providing information concerning the accident and injury."[48] The government in that case, however, contended that the plaintiff's administrative claim did "not refer to the separate post-service tort of the Government's alleged failure to warn" the plaintiff about the dangers associated

---

[43] *Id.* at 868 (internal quotation marks omitted).

[44] *Shipek v. United States*, 752 F.2d 1352, 1354, 1356 (9th Cir. 1985) (holding that a plaintiff "should not be jurisdictionally limited by her administrative claim from pursuing any legal theory encompassed by the facts set forth in her claim").

[45] *Avery v. United States*, 680 F.2d 608, 610, 611 (9th Cir. 1982) ("[W]e hold that where a claimant gives notice of the manner and general circumstances of injury and the harm suffered . . . he has complied with section 2675(a)").

[46] 722 F.2d 566 (9th Cir. 1983) (*Broudy II*).

[47] *Id.* at 567.

[48] *Id.* at 568.

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 11 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 11 of 18

with radiation exposure.[49]  In rejecting that argument, the Circuit held that "[w]e see nothing in section 2675(a) or the regulations which require the claimant to state with great specificity the legal theories to be asserted in the eventual FTCA action."[50]  Rather, "in keeping with the Congressional purpose of 'providing fair and equitable treatment of private individuals and claimants when they deal with the Government,' [the Circuit held] that appellant satisfied the requirements of section 2675(a) and the accompanying regulations."[51]

Here, Plaintiff submitted an administrative claim to HHS that did not refer to a negligent training or supervision claim.[52]  But like the plaintiff in *Brody II*, Plaintiff provided the location and date of the incident, the nature and extent of the injury, and a description of how the incident occurred.  This information is sufficient to give HHS "notice to commence investigation by providing information concerning the accident and injury."[53]  Plaintiff was not required to "state with great specificity

---

[49] *Id.*

[50] *Id.* at 568–69.

[51] *Id.* at 569 (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. 7 (1966)).

[52] *See* Docket 6-1 (Admin. Claim Form) ("Claimant was assaulted by a security guard and sustained injuries to his forehead, nose, ear, chest, neck, elbow and knee.").

[53] *Broudy II*, 722 F.2d at 568.

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 12 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 12 of 18

the legal theories to be asserted in the eventual FTCA action."[54] Accordingly, Plaintiff's administrative claim form meets the Ninth Circuit's minimal presentation requirement and, therefore, Plaintiff's negligent training and supervision claims against the United States are not barred by Section 2675(a).[55]

### B. Discretionary Function Exception

The United States also asserts that Plaintiff's negligent training and supervision claims are barred by the FTCA's discretionary function exception.[56] The United States contends that Plaintiff does not identify any mandatory duty dictating ANTHC's training or supervision of security guards and that, under Ninth Circuit precedent, "[t]he manner in which [ANTHC] chose to train and supervise its security guards was within its discretion."[57] Plaintiff asserts that the "manner in which [ANTHC] trained or supervised its security guards was not entirely a matter

---

[54] *Id.* at 568–69; *accord Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980) ("The Government would have us also require a claimant to state his legal theory for recovery. This we cannot do.").

[55] *See, e.g.*, *Boyd v. AMR Hous.*, Case No. CV 06-00373 HG-LEK, 2007 WL 9711275, at *8 (D. Haw. Mar. 22, 2007) (finding plaintiff's administrative claim form sufficient for purposes of § 2675(a) even though it did "not expressly include a failure to train or supervise claim"); *Bennion v. United States*, Case No. CV04-614-N-EJL, 2006 WL 1663596, at *3 (D. Idaho June 7, 2006) (permitting premises liability claim to move forward under § 2675(a) even though administrative claim only stated negligence of government employee).

[56] Docket 6 at 14 (Mot. to Dismiss) (citing 28 U.S.C. § 2680(a)).

[57] Docket 6 at 15 (Mot. to Dismiss).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 13 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 13 of 18

of choice, as Alaska regulations prescribe the timing, amount, and subject matter of these trainings."[58]

The discretionary function exception preserves the United States' sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."[59] "The Ninth Circuit applies a two-step analysis when determining whether conduct falls under the discretionary-function exception."[60] First, a court asks whether the challenged actions involve "an element of judgment or choice."[61] "If a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow[,]' the act is not discretionary because 'the employee has no rightful option but to adhere to the directive.'"[62] Second, if the court determines

---

[58] Docket 7 at 20 (Opp.). Plaintiff also asserts that "[t]his is not really a proper issue for a [Rule] 12(b)(1) or (6) motion. It should be raised, if at all, under FRCP 56 after discovery takes place." Docket 7 at 18. This argument is without merit. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

[59] 28 U.S.C. § 2680(a).

[60] *Nieves Martinez v. United States*, Case No. 19-16953, --- F.3d ---, 2021 WL 1881388, at *6 (9th Cir. May 11, 2021) (citing *Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996)); *accord United States v. Gaubert*, 499 U.S. 315, 322–325 (1991).

[61] *Id.* (quoting *Sabow*, 93 F.3d at 1451).

[62] *Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 14 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 14 of 18

that "the challenged actions involve an element of choice or judgment," the court then determines "whether that judgment is of the kind that the discretionary function exception was designed to shield."[63] "More specifically, if the judgment involves considerations of social, economic, or political policy, the exception applies."[64] "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."[65]

As to the first step of the analysis, Plaintiff asserts that Alaska Administrative Code Title 13, Chapter 60 mandates "training requirements for licensed security guards."[66] However, those state regulations in question were promulgated pursuant to Alaska Statute § 18.65.450.[67] That statutory chapter expressly provides that "[a]n employer is not required to seek licensure for the employer's employees who provide unarmed [] security on that employer's premises."[68] ANTHC hired unarmed security guards to provide security at the Alaska Native

---

[63] *Id.* (quoting *Sabow*, 93 F.3d at 1451).

[64] *Id.* (quoting *Sabow*, 93 F.3d at 1451).

[65] *Gaubert*, 499 U.S. at 324–25.

[66] Docket 7 at 19 (Opp.).

[67] Alaska Stat. § 18.65.450 (directing commissioner to "adopt regulations necessary to implement AS § 18.65.400 - 18.65.490").

[68] § 18.65.460 (Exceptions to licensure).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 15 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 15 of 18

Medical Center.[69] Accordingly, Alaska's licensure regulations do not apply to ANTHC's security guards. As Plaintiff points to no other mandatory "*federal statute, regulation, or policy*" that constrained ANTHC's substantive discretion, Plaintiff does not satisfy the first step of the discretionary-function analysis.[70]

Because Plaintiff does not meet the first step of the analysis, this Court need not address the second step. Regardless, "the decision of whether and how to retain and supervise an employee . . . are the type of discretionary judgments that the exclusion was designed to protect."[71] The Ninth Circuit has repeatedly held

---

[69] *See* Docket 17-1 at 6:16–25, 9:1–3, 23:10–14 (Ireton Dep.) (Case No. 3:20-cv-00156-SLG) (explaining that security guards work for ANTHC on the ANMC campus and only carry a radio and gloves).

[70] *See Miller v. United States*, 992 F.3d 878, 886 & n.3 (9th Cir. 2021) (emphasis in original). Plaintiff also argues that ANTHC acted outside of its discretion by violating its own training policies. Docket 7 at 19, 20, 22 (Opp.). First, while ANTHC does have a policy requiring training for security guards, it does not mandate any particular format, only generally describing the types of training should receive. *See* Docket 7-3 (Security Management Program Procedure). Second, Plaintiff asserts that Mr. Ireton received no training. However, Mr. Ireton repeatedly testified that he did receive training. *See* Docket 17-1 at 19:23–20:9, 32:18–33:3, 35:19–22, 36:20–37:7, 37:19–38:14 (Ireton Dep.) (Case No 3:20-cv-00156-SLG). Third, Plaintiff asserts that Mr. Ireton did not know "what, if any, rules [ANTHC] had." Docket 7 at 19. This Court has previously rejected that argument. *See Mendenhall I*, Case No. 3:20-CV-00156-SLG, 2021 WL 1032276, at *4 (D. Alaska Mar. 17, 2021). Fourth, Plaintiff claims that ANTHC policies were violated because Mr. Ireton did not initially attend the incident with a partner. Docket 7 at 22. But Plaintiff does not cite to a mandatory policy provision that requires two guards to attend an incident. Accordingly, Plaintiff has not identified any mandatory ANTHC policy that constrained ANTHC's, Mr. Ireton's, or Mr. Anderson's substantive discretion.

[71] *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009); *accord Nieves Martinez*, 2021 WL 1881388, at *9 ("At step two of the discretionary-function test, the court considers whether the [alleged] actions involve considerations of social, economic, or political policy.").

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 16 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 16 of 18

that the hiring, training, and supervision of employees are discretionary acts.[72] As Plaintiff offers no substantive rebuttal, he does not meet the second *Gaubert* criterion.

For the foregoing reasons, Plaintiff has not plausibly "allege[d] facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."[73] Accordingly, the Court finds that the discretionary function exception bars Plaintiff's negligent training and supervision claims.

### III. Plaintiff's Civil Rights and Constitutional Claims

Plaintiff alleges that the United States violated his "Civil Rights as set forth in the U.S. Constitution by using force against the plaintiff and by not allowing him to remain at their facility."[74] Plaintiff appears to allege that his Fourth Amendment right against unreasonable searches and seizures and his Eighth Amendment right

---

[72] *Miller*, 992 F.3d at 886 ("This court and others have held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." (quoting *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (emphasis omitted))); *Holy See*, 557 F.3d at 1084 ("We have held the hiring, supervision, and training of employees to be discretionary acts."); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) (holding that plaintiff's claims of "negligent and reckless employment, supervision and training of" employees "fall squarely within the discretionary function exception").

[73] *Gaubert*, 499 U.S. at 324–25.

[74] Docket 1 at 5 (Compl.). The Court previously considered and rejected these same claims in *Mendenhall I*; *see Mendenhall I*, Case No. 3:20-CV-00156-SLG, 2021 WL 1032276, at *14 (D. Alaska Mar. 17, 2021).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 17 of 18

Case 3:20-cv-00312-SLG   Document 16   Filed 05/19/21   Page 17 of 18

against cruel and unusual punishment were violated.[75] However, for a plaintiff to have a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a defendant must be a state or federal actor, respectively. The security guards are clearly not state actors and are only deemed "federal employees" for FTCA purposes.[76] In addition, the Alaska Supreme Court has "never recognized a *Bivens*-type private right of action for constitutional torts under the Alaska Constitution."[77] Accordingly, Plaintiff cannot proceed on these claims against the United States.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion to Dismiss at Docket 6 is GRANTED. IT IS FURTHER ORDERED that Plaintiff's Complaint at Docket 1 is DISMISSED. The Court further finds that leave to amend would be futile. Therefore, the Clerk of the Court shall enter a final judgment accordingly.

DATED this 19th day of May, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[75] Docket 7 at 25 (Opp.).

[76] *See Sanchez v. Baracker*, Case No. CIV 01-0299 WJ/DJS, 2002 WL 35649877, at *1–2 (D. N.M. June 10, 2002) (rejecting assertion that tribal actors become federal actors for purposes of a *Bivens* action by virtue of the ISDEAA).

[77] *Lowell v. Hayes*, 117 P.3d 745, 753 (Alaska 2005).

Case No. 3:20-cv-00312-SLG, *Mendenhall v. United States*
Order re Motion to Dismiss
Page 18 of 18